1  WEIL & ASSOCIATES
2  David Weil, Esq., State Bar No. 180420
   249 East Ocean Blvd., Suite 801
   Long Beach, CA 90802
3  Telephone: (562) 432-8618 / Fax: (562) 432-8638

4  Attorneys for Plaintiffs
   DAVID EMERY and
5  LESLIE SANGUINETTI EMERY

FILED ORIGINAL

2007 DEC 13  AM 10: 42

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY ____KNK____ DEPUTY

6

7

8              UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10
   DAVID EMERY, an individual; and
11 LESLIE SANGUINETTI EMERY,                    **'07 CV 2329 JLS LSP**
        an individual,                          CASE NO.: _____
12
            Plaintiffs,                         **IN ADMIRALTY**
13
14 vs.

   RONALD KEITH, an individual; and            **COMPLAINT**
15 VINEYARD BAY HOLDINGS LLC,
        a Delaware Limited Liability Co.,
16
17            Defendants.

18

19      PLAINTIFFS DAVID EMERY AND LESLIE SANGUINETTI EMERY allege

20 as follows:

21

22                    **JURISDICTION AND VENUE**

23

24      1.    This is an admiralty and maritime claim within the meaning of Rule 9(h)

25 of the Federal Rules of Civil Procedure, and the Supplemental Rules for Certain

26 Admiralty Claims, over which this Court has jurisdiction pursuant to Article III,

27 Section 2 of the U.S. Constitution and 28 U.S.C. §1333(1).

28

                                      1

2.     This Court may further exercise its subject matter jurisdiction pursuant to the provisions of the Ship Mortgage Act, 46 U.S.C. §31301, et. seq. and the Federal Maritime Lien Act, 46 U.S.C. §31341, et. seq.

3.     This Court may further exercise its subject matter jurisdiction pursuant to the provisions of 28 U.S.C. §1367(a), in that the state law claims alleged herein arise from the same case or controversy as the admiralty and maritime claims alleged herein.

4.     Venue is proper in this District because the admiralty and maritime claims alleged herein arose within this District against a vessel located within this District.

## PARTIES and GENERAL ALLEGATIONS

5.     Plaintiffs DAVID EMERY and LESLIE SANGUINETTI EMERY ("Plaintiffs") are individuals, husband and wife, and at all time relevant were residents of San Diego County, California.

6.     Plaintiffs are informed and believe, and on that basis allege, that defendant RONALD KEITH ("KEITH") is an individual who, at all times relevant, was a resident of Sonoma County, California.

7.     Plaintiffs are informed and believe, and on that basis allege, that defendant VINEYARD BAY HOLDINGS LLC ("VINEYARD BAY") is a Delaware Limited Liability Company that is not authorized to do business in California, and for which defendant Keith is the principal and/or sole member, manager, and/or owner.

8.     Plaintiff is informed, believes and thereon alleges, that at all times herein mentioned, defendants KEITH and VINEYARD BAY (collectively, the "Defendants"), were the agents and employees of each other, and in the commission of the acts herein mentioned, were acting in the scope of this authority as such agents and employees and with the permission and consent of each other.

2

COMPLAINT

9.     Plaintiffs are informed and believe, and on that basis allege, that Defendants at all times relevant were the owner and/or operator of the 62 ft. Motor Yacht "Wanderer," U.S. Official Number 1122481 (the "Vessel").

10.     Plaintiffs allege that defendant KEITH is liable for the acts of defendant VINEYARD BAY alleged in this Complaint as its alter ego. . As set forth in the allegations below, KEITH, as the principal of defendant VINEYARD BAY, directed and/or permitted the conversion of $100,000 from Plaintiffs, and/or directed and/or permitted VINEYARD BAY to breach its obligations under the agreement alleged herein and described below by refusing to return Plaintiffs' Deposit.  Plaintiffs allege, upon information and belief, that such funds were thereupon used for KEITH's own purposes or, alternatively, for use by VINEYARD BAY in lieu of additional capital contributions otherwise required from KEITH to VINEYARD BAY.  KEITH's acts as described in this Complaint evidence a unity of interest so that separate personalities of VINEYARD BAY and KEITH no longer exist and an inequitable result will follow if such acts are treated as of acts of VINEYARD BAY alone.  Recognition of the fiction of separate existence of VINEYARD BAY would sanction a fraud and promote injustice for the reasons set forth above and as follows, each of which is alleged by Plaintiffs on information and belief:

a.     KEITH in his capacity as sole or principal member or owner of VINEYARD BAY, commingled his personal funds and other personal assets with the funds and other assets of VINEYARD BAY, for his own convenience and to assist VINEYARD BAY in evading payment of its obligations.

b.     KEITH failed to provide adequate operating capital to VINEYARD BAY.

c.     KEITH improperly diverted assets from VINEYARD BAY to himself to the detriment of creditors and potential creditors, including Plaintiffs.

////

////

3

d.     KEITH contracted with Plaintiffs intending to avoid performance by use of the of VINEYARD BAY's limited liability as a shield against personal liability.

e.     KEITH committed or attempted to commit the acts alleged herein through the limited liability entity of VINEYARD BAY as an improper shield against personal liability.

f.     KEITH caused VINEYARD to act in violation of the laws of the State of California.

g.     KEITH caused VINEYARD BAY to act in violation of VINEYARD BAY's Bylaws and/or Operating Agreements.

h.     KEITH converted funds for his own use through the limited liability entity of VINEYARD BAY.

## THE PURCHASE AGREEMENT and
## THE VESSEL PURCHASE NEGOTIATIONS

11.     On or about August 30, 2007, Plaintiffs and Defendant KEITH entered into an agreement (the "Purchase Agreement") whereby KEITH agreed to sell the Vessel to Plaintiffs for the sum of $849,000.00. The Purchase Agreement was subject to sea trial and survey contingencies, which called for Plaintiffs to inspect the Vessel and, if not satisfied with the condition or characteristics of the Vessel pursuant to such inspection, Plaintiffs could at their option reject the Vessel and terminate the Purchase Agreement. A true and correct copy of the Purchase Agreement is attached hereto as Exhibit "A" and incorporated herein for reference.

12.     The Purchase Agreement called for Plaintiffs to pay a deposit to Defendants in the amount of $100,000.00 (the "Deposit"), and Plaintiffs did in fact pay the Deposit to Defendants on or about August 30, 2007.

13.    The Purchase Agreement included a provision whereby Plaintiffs could reject the Vessel after inspection, and further, upon receipt of notice of such rejection, Defendants were required to immediately refund the Deposit to Plaintiffs.  The Purchase Agreement also included a provision (the "Deposit Forfeiture Clause") which purported to require Plaintiffs to "forfeit" the Deposit if a rejection of the Vessel was not received before October 1, 2007 (the "Rejection Deadline").

14.    On or about September 15, 2007, KEITH advised Plaintiffs by email (the "September 15th email") that "If you want to extend the contract a week I am OK with that as I do not return from Europe until the 25th."  A true and correct copy of the September 15th email is attached hereto as Exhibit "B" and incorporated herein by reference.

15.    On or about September 16th, 2007, Plaintiffs advised Defendants that the proposal to extend the contract for a week was acceptable, and the Rejection Deadline was thereby extended through October 7, 2007.

16.    The inspection of the Vessel, the receipt by the parties of the inspection reports, and further negotiations between the parties continued from September 16, 2007 through October 4, 2007, thereby ratifying by their actions the extension of the Rejection Deadline through October 7, 2007.

17.    On the morning of October 4, 2007, the parties exchanged emails (the "October 4th email") whereby Plaintiffs advised that their lender had asked for a ten day extension to the contract, and KEITH responded "Sounds good - why don't you fax me what you want me to sign."  The Rejection Deadline was thereby extended through October 17, 2007.  A true and correct copy of the October 4th email is attached hereto as Exhibit "C" and incorporated herein by reference.

////
////
////
////

5

COMPLAINT

## THE MARITIME LIEN

18.     On or about September 16th, 2007, the parties exchanged emails (the "September 16th email exchange") regarding anticipated repairs that would be required to enable Plaintiffs to sea trial the Vessel.  Pursuant to the September 16th emails, Defendants authorized Plaintiffs to proceed with repairs to the Vessel (the "Authorized Repairs"), for which Defendants would reimburse Plaintiffs in an amount not to exceed $2,500.00.  A true and correct copy of the September 16th email exchange is attached hereto as Exhibit "D" and incorporated herein by reference.

19.     Plaintiffs engaged the services of Dependable Marine, Inc., of San Diego California to perform the Authorized Repairs, and Dependable Marine completed such work while the Vessel was located in San Diego.

20.     Upon completion of the Authorized Repairs, Dependable Marine submitted an invoice to Plaintiffs dated October 5, 2007 (the "Dependable Marine Invoice"), for the Authorized Repairs, in the amount of $1,504.09.  Plaintiffs promptly paid the Dependable Marine Invoice in full, and immediately thereafter submitted a demand to Defendants for reimbursement of such payment.  Defendants refused, and continue to refuse, to reimburse Plaintiffs for such payment.  A true and correct copy of the Dependable Marine Invoice is attached hereto as Exhibit "E" and incorporated herein by reference.

21.     The completion of the Authorized Repairs gave rise to a maritime lien against the Vessel in favor of Dependable Marine pursuant to the provisions of the Federal Maritime Lien Act, 46 U.S.C. §31341, et. seq.  By their payment of the Dependable Marine Invoice, Plaintiffs were subrogated to Dependable Marine's claim and thereby acquired a maritime lien upon the Vessel in the amount of $1,504.09.

////

////

////

COMPLAINT

# THE REJECTION OF THE VESSEL

22.    The parties continued negotiations regarding the condition of the Vessel and proposed repairs, throughout the day on October 4th. They were, however, unable to resolve their differences on those issues and Plaintiffs elected to reject the Vessel.

23.    On October 5, 2007 Plaintiffs submitted a letter (the "Rejection Letter") to KEITH, rejecting the Vessel and demanding the return of the $100,000.00 Deposit. A true and correct copy of the Rejection Letter is attached hereto as Exhibit "F" and incorporated herein by reference.

24.    The Deposit Forfeiture Clause of the Purchase Agreement is void because, *inter alia*, it was (a) not based upon the parties' good faith estimate of actual damages likely to be suffered by Defendants in the event of a breach; (b) it is not related to Defendants' actual damages; and (c) it amounts to a penalty.

25.    Notwithstanding the void Deposit Forfeiture Clause, Plaintiffs' rejection of the Vessel was nonetheless communicated to Defendants prior to the Rejection Deadline and was therefore timely.

26.    On October 5, 2007, KEITH submitted a letter (the "Forfeit Letter") whereby he advised Plaintiffs that he had received the Rejection Letter, but he alleged that the Rejection Letter was untimely and their Deposit was thereby forfeited. A true and correct copy of the Forfeit Letter is attached hereto as Exhibit "G" and incorporated herein by reference.

////
////
////
////
////
////
////

COMPLAINT

# PLAINTIFFS' CLAIMS

## FIRST COUNT

(Breach of Contract for the Reimbursement of the Authorized Repairs)
[Pursuant to the Ship Mortgage Act, 46 U.S.C.A § 31301 et. seq., and
the Federal Maritime Lien Act, 46 U.S.C. §31341, et. seq.]

27.    The allegations of Paragraphs 1 through 26 are incorporated by reference and are realleged as if fully set forth herein.

28.    By authorizing Plaintiffs to perform the Authorized Repairs, Defendants entered into a contract with Plaintiffs (the "Repair Agreement"). The Repair Agreement called for Plaintiffs to arrange for the Authorized Repairs to be completed prior to conducting a sea trial of the Vessel, and to pay for the Authorized Repairs upon completion, and further, for Defendants to reimburse Plaintiffs for their payment of the invoice for the Authorized Repairs.

29.    Plaintiffs performed each and all of their obligations and duties with respect to the Repair Agreement, and thereby hold a maritime lien against the Vessel pursuant to the provisions of the Ship Mortgage Act, 46 U.S.C.A § 31301 et. seq., and the Federal Maritime Lien Act, 46 U.S.C. §31341, et. seq.

30.    Defendants breached the Repair Agreement by their failure and continued refusal to reimburse Plaintiffs for their payment of the Authorized Repairs, and Plaintiffs' maritime lien against the Vessel therefore remains unsatisfied.

31.    By virtue of their breach of contract, Defendants are liable to Plaintiffs for reimbursement of the Authorized Repairs in the amount of $1,504.09. No part of this amount has been paid, though demand for payment has been made, and there is now due, owing and unpaid from the Defendants to Plaintiffs the sum of $1,504.09, together with interest at the legal rate accruing from October 5, 2007, the date of the Dependable Marine invoice for the Authorized Repairs.

////

8

## SECOND COUNT

### (Common Count for Services Rendered)

32.   The allegations of Paragraphs 1 through 31 are incorporated by reference and are realleged as if fully set forth herein.

33.   During September and October 2007, Defendants became indebted to Plaintiffs in the agreed amount of $1,504.09 for Plaintiffs' payment of work, labor, and services rendered and expenses incurred by Plaintiffs on behalf of Defendants and at the special request of Defendants.

34.   No part of this amount has been paid, though demand for payment has been made, and there is now due, owing and unpaid from the Defendants to Plaintiffs the sum of $1,504.09, together with interest at the legal rate.

## THIRD COUNT

### (Breach of Contract for the Return of the Deposit Pursuant to the Purchase Agreement)

35.   The allegations of Paragraphs 1 through 34 are incorporated by reference and are realleged as if fully set forth herein.

36.   Plaintiffs performed each and all of their obligations and duties with respect to the Purchase Agreement, including the timely notification to Defendants of the rejection of the Vessel.

37.   Defendants breached the Purchase Agreement by their failure and continued refusal to return the Deposit to Plaintiffs.

38.   By virtue of their breach of contract, Defendants are liable to Plaintiffs for the return of the Deposit in the amount of $100,000.00. No part of this amount has been paid, though demand for payment has been made, and there is now due, owing and unpaid from the Defendants to Plaintiffs the sum of $100,000.00, together with interest at the legal rate accruing from October 5, 2007, the date of Plaintiffs' notification of the rejection of the Vessel.

COMPLAINT

# FOURTH COUNT

## (Conversion)

39.    The allegations of Paragraphs 1 through 38 are incorporated by reference and are realleged as if fully set forth herein.

40.    At all times relevant to this action, Plaintiffs were the rightful owners of the Deposit funds and entitled to immediate possession of the Deposit funds upon notification to Defendants of the rejection of the Vessel on October 5, 2007 pursuant to the Rejection Letter.

41.    KEITH's aforementioned failure and refusal to return the Deposit funds to Plaintiffs constituted an actual and substantial interference with Plaintiffs' ownership and possessory interest in the Deposit funds, thus converting the Deposit funds to KEITH's own use.

42.    By virtue of his conversion, KEITH is liable to Plaintiffs for $100,000.00, together with interest at the legal rate from October 5, 2007, the date of the Rejection Letter.

43.    In committing the acts described in this Count, KEITH was guilty of malice as defined in California Civil Code section 3294(c)(1), in that Defendant's conduct was intended to cause injury to Plaintiffs. As a result, Plaintiffs are entitled to an award of exemplary or punitive damages, as permitted by California Civil Code section 3294(a).

WHEREFORE, Plaintiffs pray as follows:

1.    That judgment be entered in favor of Plaintiffs and against all Defendants for the reimbursement of the Authorized Repairs in the amount of $1,504.09, plus the return of the Deposit in the amount of $100,000.00, amounting to the total amount of Plaintiff's claims, $101,504.09, plus interest as alleged herein accruing through the date of such judgment; and

10

COMPLAINT

1       2.     For exemplary damages against defendant KEITH in connection with

2  KEITH's conversion of Plaintiffs' property, in an amount determined by the Court to

3  be reasonable as authorized by section 3294 of the California Civil Code; and

4       3.     For costs of suit herein incurred;

5       4.     For such further relief as this Court may consider proper.

7  Dated:  December 12, 2007

WEIL & ASSOCIATES

David Weil, Esq.
Attorney for Plaintiffs
DAVID EMERY and
LESLIE SANGUINETTI  EMERY

11

COMPLAINT

# INDEX OF EXHIBITS

<u>DOCUMENT  DESCRIPTION</u>                                    <u>EXHIBIT</u>

<table>
<tr><td>Vessel Purchase Agreement</td><td>"A"</td></tr>
<tr><td>September 15th Email</td><td>"B"</td></tr>
<tr><td>October 4th Email</td><td>"C"</td></tr>
<tr><td>September 16th Email Exchange</td><td>"D"</td></tr>
<tr><td>Dependable Marine Invoice</td><td>"E"</td></tr>
<tr><td>Rejection Letter</td><td>"F"</td></tr>
<tr><td>Forfeit Letter</td><td>"G"</td></tr>
</table>

EXHIBIT  A

## Offer to Purchase

We, **David D. Emery and Leslie S. Emery** (Buyers) offer to purchase the vessel, Grand Alaskan Flushdeck, Hull Number XVM64001J102, Certificate Documentation 1122481 Length 62 ft; Year 2001, Manufacturer: Vitech Marine Co. for the sum of $849,000 (US Dollars) from **Ronald Keith** (Seller).

**SURVEY:** After receipt of a $100,000 deposit (Cashier's Check to Ronald Keith), the vessel shall be made available for marine-hull and engine condition surveys to the Buyers satisfaction at the Buyers expense.

**SEA TRIAL:** The vessel shall be made available after the Survey for a motoring sea trial to the Buyers satisfaction.

**CLEAR TITLE:** Seller represents that he is the legal Owner of the vessel and that he has a good and marketable title and lawful right to sell the same. Seller shall furnish title to the vessel free and clear of all debt, claims, liens and encumbrances of any nature or kind whatsoever. The title shall be in accordance with the regulations of the State of California, U.S. Customs, U.S. Coast Guard, The Federal, State, County, and City regulatory taxing authorities. The Seller shall discharge all liens, mortgages, and bills of any kind held against the vessel or which may be incurred by the Seller before the consummation of sale and passage of title and possession of the vessel to the Buyer. The Seller agrees not to enter into any other contract for the sale of the vessel while this Agreement is in effect.

**CONSUMMATION OF SALE:** Upon consummation of sale, the Seller will deliver the vessel at its current address in San Francisco Bay, with all listed equipment, including the 2006 14.5' Novurania with 60 hp Yamaha, 3 person SeaDoo, 23' Wellcraft located in La Paz with bridle, $4,000 worth of spares, 3,500 in tools, and $3,000 in fishing gear and complete documents of title, properly executed for transfer and delivery to the Buyer. Title transfer will be in Marin County. It is accepted that the vessel is to be delivered in an "as is" condition and the Buyer acknowledges the purchase price shall be net proceeds to Seller, with Buyer paying all fees except Seller's commission costs. After consummation of sale, the Seller shall provide a Captain, knowledgeable with all aspects of the boat, for delivery to the San Diego area.

AUG 30 2007 17:57          David Emery          7074332542          6192237686          p.13

Approved change

1. Daniel Emery
2. Leslie Sanguinetti Emery
3.

October 15, 2007

**Page 2**

**REJECTION OF VESSEL:** Should the vessel be rejected by the Buyer before October 1, 2007, the $100,000 deposit shall be refunded in full by the Seller to the Buyer immediately upon notice. If the rejection is not received by ~~October 1, 2007~~, the vessel shall be deemed accepted and the buyer shall forfeit deposit.

**SALES TAX:** A Montana LLC will be the purchaser of the Grand Alaskan Wanderer and it's support craft.

**This will be binding on the Seller and Buyer after acceptance by the Seller and $100,000 deposit is received by the seller.**

Date: August 27, 2007
Buyers: David D. Emery and Leslie S. Emery
Address: 880 Albion St.,
San Diego, CA 92106
Ph# (619) 252-6774 Cell
Fax (619) 223-8886

**ACCEPTANCE BY SELLER:**

The Seller hereby accepts this offer of $849,000 and agrees to be bound by the terms of this contract. Seller agrees to cooperate and give permission for the Buyer to verify the title and ownership of the vessel and tenders.

Seller: _____   Date 8/30/07

Nov  01 07 03:10p    Dav  Emery                 6192238      p.4

Page 1 of 1

## david emery

| | |
|---|---|
| **From:** | "Ronald Keith" <buckthegoat@hotmail.com> |
| **To:** | <dave@sailsunbreak.com> |
| **Sent:** | Saturday, September 15, 2007 3:08 PM |
| **Subject:** | RE: Monday morning coordination |

Dave,

Not sure if we got disconnected before or if you hung up.  Either way, let me know what you want to do.

If you still want to look at the boat and take oil samples on Wed you know where the key is.  Since the Cats are under warranty, I thought I'd have a Cat guy join you for free to look at things and fix any deficiencies, but that doesn't work for you and  that is OK by me.  If you want to take her out for sea trials that too is fine with me - just don't bump into anything.

Keep in mind I left the fresh water and heads turned off and propably the 12V charger too.

If you want to extend the contract a week I am OK with that as I do not return from Europe until the 25th.  If you want to cancel the contract that is OK too, just pop me a fax and I'll send you back your check.

Regards,

Ron

From: "david emery" <dave@sailsunbreak.com>
To: "Bunker Hill" <bunkerh@sbcglobal.net>
CC: "Ronald Keith" <buckthegoat@hotmail.com>
Subject: Monday morning coordination
Date: Sun, 9 Sep 2007 19:00:42 -0700

Bunker
I am staying at the Holiday Inn Express at Oakland Airport, (510) 569-4400, and I plan to pick you up after your scheduled 8:20 arrival.  Please call me
at the gate upon arrival and I will leave for the airport.  I understand you have a tool bag you will have to pick up at baggage claim. I will meet you on the baggage
claim level in the Southwest Terminal and I am in a white GMC Denali.  Please call me if there are any delays on my cell phone (619) 252 6774.
Dave Emery

Ron
I expect we will arrive at the Marina around 9:45 AM and I will call you on your cell phone 15 minutes out on (408) 209-6955.
Dave

No virus found in this incoming message.
Checked by AVG Free Edition.
Version: 7.5.487 / Virus Database: 269.13.21/1010 - Release Date: 9/15/2007 7:54 PM

10/7/2007

**EXHIBIT C**

Nov 01 07 03:21p      Dav  Emery                        619223  96                    p.11

## david emery

| | |
|---|---|
| **From:** | "Ronald Keith" <buckthegoat@hotmail.com> |
| **To:** | <dave@sailsunbreak.com> |
| **Sent:** | Thursday, October 04, 2007 9:54 AM |
| **Subject:** | Re: Subject: Report and Required Actions |

Sounds good - why don't you fax me what you want me to sign. 707 433 2542

---

From: "david emery" <dave@sailsunbreak.com>
To: "Ronald Keith" <buckthegoat@hotmail.com>
Subject: Re: Subject: Report and Required Actions
Date: Thu, 4 Oct 2007 08:21:18 -0700

Ron
Personal effects can be removed anytime before, during and after closing. Boat and everything else is within walking distance.

Ten day extension on the contract is just to satisfy the lender. They will set the clock for everyone else. Everyone needs time to prepare and review documents and coordinate activities. As far as I am concerned, I would like to close as soon as possible, unfortunately others, banks, documentation organizations, insurance etc. will need to see reports, set dates and then come together with us to make it happen. I am just trying to accomplish every piece of information need as fast as I can, so we get those things behind us. I pulled ten days out of the air as it should be down by that date. We have 2 weekends and one holiday in this period.

I got the engine survey stuff last night and I have not read it yet. I will send it to you today. The boat surveyor said it would be done yesterday and as yet I have not received it.

As a boat driver, the boat performed well, I was briefed that their were some safety and maintenance issues, all of which will be addressed in the reports.

Again, all I am trying to do is accomplish all the things I can to keep the overall process moving forward, I do not want to lose a day with the east coast bank.

I will be sending you some, if not all, today.

Dave

----- Original Message -----
**From:** Ronald Keith
**To:** dave@sailsunbreak.com
**Sent:** Thursday, October 04, 2007 7:39 AM
**Subject:** RE: Subject: Report and Required Actions

Dave,

I need to come down there and remove all my personal effects - when would be a good time for that?

How far away from the survey documentation are we?? Do we really need a full 10 day extension or will something less work?

How was your sea trial?

Ron

From: "david emery" <dave@sailsunbreak.com>
To: "Ronald Keith" <buckthegoat@hotmail.com>
CC: "Leslie" <leslie@sailsunbreak.com>
Subject: Subject: Report and Required Actions

10/4/2007

Nov 01 07 03:10p    Davi Emery                    6192238 36                    p.6

Page 1 of 2

# david emery

| | |
|---|---|
| From: | "Ronald Keith" <buckthegoat@hotmail.com> |
| To: | <dave@sailsunbreak.com> |
| Sent: | Sunday, September 16, 2007 3:55 PM |
| Subject: | Re: Trip |

Dave,

Looks like we are a go. You'll get a call from the captain tonight or tomorrow. Probably a Friday arrival - weather and the gods willing.

Not sure how you want to handle the sea trial. These guys are just for the delivery. I am comfortable with you taking the boat out - or you can wait for me, your choice.

I agree to fix the blow-by issue to Cats satisfaction, however I need to be contacted in advance before proceeding with major engine work (herein defined as any non-warranty repair expected to exceed $2,500) This blow-by issue existed and was noted in the survey dated January 2006 that you have a copy of. Cat has inspected the engine 4 times since then and has done a full and complete engine survey in both Miami and Seattle. You may want to have your Cat guy get you copies of the Seattle survey as a reference point so he can see what has changed over time. It has oil sample data, sea trial data, and all of the main computer readings. I do not have my data with me, but I think the engines probably have about 875 hours since that survey.

Please make the check a cashiers or certified check.

The delivery guys did find a small fuel leak on the port gen that looks like just a hose fitting. They will fix it before they depart. (They did not fix The problem and They did not use This generator.

You can leave me messages if need be but I will be 9 or 10 hours ahead time zone wise and will be very busy on this trip. I will try to phone you on Friday evening to make sure all is well.

Ron

From: "david emery" <dave@sailsunbreak.com>
To: "Ronald Keith" <buckthegoat@hotmail.com>
Subject: Re: Trip
Date: Sun, 16 Sep 2007 12:25:43 -0700

Ron
I will agree to pay $5,000 and I will Fed EX a check to your address and I accept all the terms provided in previous emails. These are my concerns and the pathway for overcoming these concerns:
(1) The blowby problem on the port engine will be solved. It will be your responsibility and Cats to solve the problem and you authorize CAT to proceed as deeply as necessary to solve the problem on the port engine. If the blowby problem is not fixed I will reject the boat.
(2) An overall engine survey and sea trial will then be performed on the boat at my expense. Unless a major problem exists, all is a go!
(3) Overall survey will be conducted at my expense. Unless a major problem exists, all is a go!
(4) I will pay for all dockage while these activities are performed.
(5) We will discuss and agree on the best mutual time and place for title transfer when you return.

I have lost the 2 slip options that existed last week. I will have to lock in something on Monday. Please have your captain call me on Monday at 1:pm to schedule arrival.

Dave & Leslie Emery

----- Original Message -----

10/7/2007

EXHIBIT E

# DEPENDABLE MARINE, INC.

2819 CANON STREET
SAN DIEGO, CA 92106
TEL: 619-226-2015 / FAX: 619-226-0027

# Invoice

| DATE | INVOICE # |
|------|-----------|
| 10/5/2007 | 12605 |

| BILL TO |
|---------|
| DAVID EMERY<br>880 ALBION ST<br>SAN DIEGO, CA 92106<br>E-mail: dave@sailsunbreak.com |

| TERMS | DUE DATE | BOAT NAME |
|-------|----------|-----------|
| Due on receipt | 10/5/2007 | WANDERER |

| SERVICED | DESCRIPTION | QTY | RATE | AMOUNT |
|----------|-------------|-----|------|--------|
| 9/24/2007 | SERVICE: | 4 | 90.00 | 360.00 |
| | Inspect both 3126B engines | | | |
| | Found idle RPM different | | | |
| | Replace zincs port aftercooler (have original plugs with no zinc rods) | | | |
| | Check crank ventilation - rocker cover vent leaking with open weld seam | | | |
| 9/25/2007 | Check both engines with CAT ET | 3.5 | 90.00 | 315.00 |
| | Perform cylinder test on both mains - both test okay at this time | | | |
| 9/26/2007 | Troubleshoot red liquid in aft compartment | 6 | 90.00 | 540.00 |
| | Repair broken line to trim tab | | | |
| | Fill empty reservoir with ATF | | | |
| | Cycle trim tabs - check good | | | |
| | Remove and replace 16Kw genset crush washers on return lines | | | |
| | Bleed system and test run genset | | | |
| | SERVICE SUBTOTAL: | | | 1,215.00 |
| | | | | |
| | 183-6848 BREATHER AS | 1 | 145.72 | 145.72T |
| | 8H-2046 SEAL-O-RING | 1 | 3.14 | 3.14T |
| | PLV ATF DEXTRON | 1 | 3.17 | 3.17T |
| | 5B-9169 PLUG | 4 | 9.35 | 37.40T |
| | 6L-2288 ROD | 4 | 7.19 | 28.76T |
| | SEALING WASHER | 4 | 10.31 | 41.24T |
| | SHOP SUPPLIES, MISC MATERIALS | 1 | 8.87 | 8.87T |
| | MATERIAL SUBTOTAL: | | | 268.30 |

| Authorized Dealer for:<br>CAT - VacuFlush - VW Marine - Twin Disc - Walker Airsep - FloScan - Racor | | |
|---|---|---|
| **Subtotal** | | $1,483.30 |
| **Sales Tax  (7.75%)** | | $20.79 |
| **Payments/Credits** | | $0.00 |
| **Balance Due** | | $1,504.09 |

Payment is due and payable upon receipt of invoice. A finance charge of 1.5% per month
(18% per year) will be charged for credit extended past 30 days. The vessel named herein
and its owner shall be liable for any collection fees and/or attorney fees, if applicable.

**EXHIBIT F**

October 5, 2007

David D. Emery
Leslie Sanguinetti Emery
880 Albion St.
San Diego, CA 92106
(619) 223-8886 (Home & Fax)

Ron Keith
Vineyard Bay Holdings, LLC
868 Lakewood Dr. #269
Windsor, CA 95492
(408) 209-6955 (Cell)
(707) 433-2542 (Fax)

Dear Ron

Subject: Adjusting the Price of 62 foot Grand Alaskan, Wanderer

We are in receipt of your faxed letter regarding the condition of Wanderer. We find it difficult to communicate the issues we understand and view important for our purchase.

We regret to inform you that the condition of Wanderer is not what we expected and we do not want to continue with its purchase. Please return our cashiers check deposit via FedEx as soon as possible. Please advise when you plan to move the boat. I know Wayne Morrison, Manager, Shelter Island Boatyard will be calling me early next week to remove the boat. The boat is parked in a 70 ft. slip on the west end of Shelter Island Boatyard.

Sincerely,


David D. Emery                          Leslie Sanguinetti Emery

October 5, 2007
Ron Keith
Vineyard Bay Holdings

David Emery
880 Albion St.
San Diego, CA 92106

Dear David,

I received your letter dated October 5, 2007 regarding your desire to not proceed with the purchase of the M/V Wanderer.

Per our contract dated August 27th, 2007, you were required to reject the vessel on or before October 1, 2007. As your notification of rejection of the vessel is dated October 5, 2007, your deposit of $100,000 has been forfeited in accordance with the terms of our contract.

I am disappointed that your rejection of the vessel, which you contractually agreed to purchase in "as is" condition, is predicated on my failure to meet your written demands regarding paying for tens of thousands of dollars of routine maintenance and equipment upgrades, and that you refuse to accept the boat in "as is" condition per your contractual obligations. Your demands clearly violate both the letter and the spirit of our contractual agreement.

Given your expressed written desire to not proceed with the purchase, please do not board the vessel again without me or my duly designated representative present.

Kindest regards,

Ron Keith

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

FILED
2007 DEC 13 AM 10:06

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| David Emery and Leslie Sanguinetti Emery | Ronald Keith and Vineyard Bay Holdings, LLC |

| (b)  County of Residence of First Listed Plaintiff   San Diego | County of Residence of First Listed Defendant   Arizona |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |
|  | NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |

(c)  Attorney's (Firm Name, Address, and Telephone Number)
David Weil/ Weil & Associates, 249 E. Ocean Boulevard, #801, Long Beach, CA  90802  (562) 432-8618

Attorneys (If Known)

SOUTHERN DISTRICT OF CALIFORNIA
BY  '07 CV 2329 JLS LSP   DEPUTY

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☒ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | SOCIAL SECURITY | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 1333(1)

Brief description of cause:
Maritime lien, breach of contract, conversion regarding vessel

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):     JUDGE                     DOCKET NUMBER

DATE  12-12-07

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT #  145474   AMOUNT  $350   12/13/07  BH   APPLYING IFP            JUDGE            MAG. JUDGE

# UNITED STATES
# DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

## # 145474    — BH

## December 13, 2007
## 10:39:12

## Civ Fil Non-Pris
USAO #.: 07CV2329 CIVIL FILING
Judge..: JANIS L. SANMARTINO
Amount.:                $350.00 CK
Check#.: BC# 4904

## Total—>  $350.00

FROM: CIVIL FILING
      EMERY V. KEITH ET AL